```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
GREGG T. CHAVIOUS,

                    Plaintiff,

      -against-                          MEMORANDUM & ORDER
                                         10-CV-1293(JS)(ARL)
THE CBE GROUP, INC.,

                    Defendant.
----------------------------------------X
APPEARANCES:
For Plaintiff:   Adam Theodore Hill, Esq.
                 Krohn & Moss, Ltd.
                 10 N. Dearborn St., 3rd Fl.
                 Chicago, IL 60602

For Defendant:   Sergio Alves, Esq.
                 Kaufman Borgeest & Ryan LLP
                 200 Summit Lake Drive, 1st Fl.
                 Valhalla, NY 10595
```

SEYBERT, District Judge:

Plaintiff Gregg Chavious sued Defendant The CBE Group for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA"), arising out of thirty-six phone calls Defendant placed to Plaintiff in error. Pending before the Court is Defendant's motion for summary judgment; for the following reasons, Defendant's motion is GRANTED.

BACKGROUND

The facts are undisputed. Defendant is a debt collector that, in the course of attempting to collect a debt, repeatedly called a phone number that it mistakenly believed

belonged to an unnamed debtor. (Def. 56.1 Stmt. ¶¶ 1-11.) In fact, the number was assigned to a cellular phone owned by Plaintiff, who as far as the Court is aware is not related to the debtor in any way. Defendant called Plaintiff thirty-six times between January 20 and March 19, 2010. (Id. ¶¶ 9-10.) No one answered these calls, and Defendant never left a voicemail message. (Id. ¶ 16; Pl. 56.1 Cntr-Stmt. ¶ 48.) Each call was placed between 8:00 a.m. and 9:00 p.m. (Def. 56.1 Stmt. ¶ 15) and, on the five days on which Defendant called Plaintiff more than once, the calls were placed at least 120 minutes apart (id. ¶ 14). At one point, Plaintiff returned Defendant's call, was put on hold, and hung up after a few minutes without speaking with a live operator. (Id. ¶ 24.) On its own initiative, Defendant stopped calling Plaintiff's number on March 19 because it had failed to make contact with anyone on the other end (id. ¶ 17), and it suspended all calls to the number (id. ¶ 18).

## DISCUSSION

Plaintiff claims that Defendant's repeated phone calls violated the FDCPA. Defendant moves for summary judgment, arguing that the calls, as a matter of law, do not constitute an FDCPA violation and, in the alternative, that it is entitled to the FDCPA's bona fide error defense. Below, the Court discusses the summary judgment standard and then concludes that there was no FDCPA violation here.

I. <u>Summary Judgment Standard</u>

Summary judgment is only appropriate where the moving party can demonstrate that there is "no genuine dispute as to any material fact" and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In considering this question, the Court considers "the pleadings, depositions, answers to interrogatories and admissions on file, together with any other firsthand information including but not limited to affidavits." <u>Nnebe v. Daus</u>, 644 F.3d 147, 156 (2d Cir. 2011); <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265, 273 (1986); <u>McLee v. Chrysler Corp.</u>, 109 F.3d 130, 134 (2d Cir. 1997); <u>see also</u> FED. R. CIV. P. 56(c). "In assessing the record to determine whether there is a genuine issue to be tried . . . the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." <u>McLee</u>, 109 F.3d at 134. The burden of proving that there is no genuine issue of material fact rests with the moving party. <u>Gallo v. Prudential Residential Servs., L.P.</u>, 22 F.3d 1219, 1223 (2d Cir. 1994) (citing <u>Heyman v. Com. & Indus. Ins. Co.</u>, 524 F.2d 1317, 1320 (2d Cir. 1975)). Once that burden is met, the non-moving party must "come forward with specific facts," <u>LaBounty v. Coughlin</u>, 137 F.3d 68, 73 (2d Cir. 1998), to demonstrate that "the evidence is such that a

reasonable jury could return a verdict for the nonmoving party," Anderson v. Liberty Lobby, 477 U.S. 242, 257, 106 S. Ct. 2505, 2514-15, 91 L. Ed. 2d 202, 218 (1986). "Mere conclusory allegations or denials will not suffice." Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986). And "unsupported allegations do not create a material issue of fact." Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000).

II. Defendant did not Violate the FDCPA

Plaintiff claims that Defendant violated Section 1692d of the FDCPA by "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Specifically, Plaintiff charges that Defendant (1) "[c]aus[ed] a telephone to ring or engag[ed] any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number," 15 U.S.C. § 1692d(5), and (2) "place[d] . . . telephone calls without meaningful disclosure of the caller's identity," 15 U.S.C. § 1692d(6). The Court addresses each theory in turn.

The Court agrees with Defendant that, as a matter of law, its calls to Plaintiff's cellular phone do not rise to the level of a FDCPA violation. In evaluating whether repeated phone calls were made "with intent to annoy, abuse, or harass," courts generally consider the volume and pattern of calls.

4

E.g., Lynch v. Nelson Watson & Assocs., LLC, No. 10-CV-2025, 2011 WL 2472588, at *2 (D. Kan. June 21, 2011). The caller's intent is often a jury question, see Kavalin v. Global Credit & Collection Corp., No. 10-CV-0314, 2011 WL 1260210, at *4 (W.D.N.Y. Mar. 31, 2011); see also Akalwadi v. Risk Mgmt. Alts., Inc., 336 F. Supp. 2d 492, 506 (D. Md. 2004) ("The reasonableness of this volume of calls and their pattern is a question of fact for the jury."), but courts have disagreed as to the volume and pattern of calls sufficient to create an issue of fact of the defendant's intent to annoy, abuse, or harass. Krapf v. Nationwide Credit Inc., No. 09-CV-0711, 2010 WL 2025323, at *3 (C.D. Cal. May 21, 2010).

Plaintiff has not established a triable issue of fact in this case. Courts have awarded defendants summary judgment where the volume and pattern of calls demonstrates an intent to contact debtors rather than an intent to annoy, abuse, or harass them. See Carman v. CBE Group, Inc., 782 F. Supp. 2d 1223, 1232 (D. Kan. 2011) ("[T]he evidence suggests an intent by CBE to establish contact with plaintiff, rather than an intent to harass."); Tucker v. CBE Group, Inc., 710 F. Supp. 2d 1301, 1305 (M.D. Fla. 2010). In these cases, as here, the caller was unable to reach anyone on the other end of the phone or the call recipient did not ask the defendant to refrain from calling. Carman, 782 F. Supp. 2d at 1232; Tucker, 710 F. Supp. 2d at

5

1305. In the Court's view, the volume and pattern of calls in this case--thirty-six calls over approximately two months, all made at reasonable times and not one immediately following another--is consistent with cases in which other courts have awarded defendants summary judgment on Section 1692d(5) claims. See, e.g., Lynch, 2011 WL 2472588, at *2 (fifty-six calls over approximately three months, without more, was not an FDCPA violation); Carman, 782 F. Supp. 2d at 1227 (149 calls over two months, without more, was not a violation); Clingaman v. Certegy Payment Recovery Svcs., No. 10-2483, 2011 WL 2078629, at *4 (S.D. Tex. May 26, 2011) (fifty-five calls between March 4 and June 18 was not a violation where plaintiff never asked defendant to stop calling); Jones v. Rash Curtis & Assocs., No. 10-CV-0225, 2011 WL 2050195, at *2-3 (N.D. Cal. Jan. 3, 2011) (179 calls was not a violation where, among other things, plaintiff did not ask defendant to stop calling).

Some, although not all, of the cases on which Plaintiff relies involve situations where plaintiffs asked defendants not to continue calling. For example, in Meadows v. Franklin Collection Service, Inc., 414 Fed. Appx. 230, 233-34 (11th Cir. 2011), to which Plaintiff cites extensively, the Eleventh Circuit reversed a district court's grant of summary judgment to a defendant. The Eleventh Circuit explained:

6

> Franklin, moreover, **continued to call Meadows until March 2009 despite being informed in May 2006 that the debts were not her own and that the debtors did not live with her**. . . . Considering the volume and frequency of the calls, **Meadows's testimony that she informed Franklin of its mistake in May 2006**, and Meadows's testimony regarding the emotional stress caused by the calls, we find that there is a genuine issue of material fact as to whether Franklin caused Meadows's telephone to ring with the intent to annoy or harass her.

Id. (emphasis added). Similarly, in <u>Williams-Platt v. Bureau of Collection Recovery, Inc.</u>, to which Plaintiff also cites, a district court concluded that from "the number of calls Defendant made to Plaintiff, <u>along with Plaintiff's contention in her affidavit that she asked to be removed from Defendant's call list</u>, a jury could reasonably find that Defendant placed the calls with the intent to annoy, abuse, or harass." No. 09-CV-3609, 2011 WL 2633821, at *3 (D. Minn. June 15, 2011) (emphasis added).

In awarding Defendant summary judgment, the Court agrees with Defendant that whether it was able to reach Plaintiff and whether Plaintiff asked Defendant to stop calling is relevant to whether Defendant intended to annoy, abuse, or harass. Analyzing Plaintiff's claims this way does not, as Plaintiff argues, improperly impose an affirmative burden on plaintiffs in Section 1692d(5) cases to show that they asked defendants to stop calling. (Pl. Opp. 12-13.) Rather, the

Court's logic simply recognizes that an inference of intent to annoy, abuse, or harass is much more readily drawn against a defendant who repeatedly calls someone after being asked to stop. Many Section 1692d(5) cases reflect this rationale. See, e.g., Clingaman, 2011 WL 2078629, at *4; Jones, 2011 WL 2050195, at *3 (awarding defendant summary judgment where "[t]here is no genuine issue of fact that Plaintiff asked the collectors to stop calling, or asked them to refrain from calling at all or specifically at work, or complained about the number of calls received"); see also Prewitt v. Wolpoff & Abramson, LLP, No. 05-CV-0725, 2007 WL 841778, at *3 (W.D.N.Y. Mar. 19, 2007) (denying defendant summary judgment where it continued to call plaintiff after plaintiff had said he could not pay the debt due to financial constraints). In this case, the Court also thinks it significant that Defendant ceased calling Plaintiff, despite an inability to reach him, on its own initiative after only two months.

The Court briefly addresses Plaintiff's claim that Defendant violated Section 1692d(6), which prohibits debt collectors from placing "telephone calls without meaningful disclosure of the caller's identity." Neither party briefed this claim, which is presumably based on Defendant's not leaving voicemail messages after any of its thirty-six calls. Although subsection (6) is imprecisely worded, the Court agrees with

8

other courts that have considered the FDCPA as a whole and concluded that the failure to leave voicemail messages, without more, does not amount to a Section 1692d(6) violation. Rucker v. Nationwide Credit, Inc., No. 09-CV-2420, 2011 WL 25300, at *3 (E.D. Cal. Jan. 5, 2011) (citing Udell v. Kan. Counselors, Inc., 313 F. Supp. 2d 1135, 1144 (D. Kan. 2004)); see also Fashakin v. Nextel Commc'ns, No. 05-CV-3080, 2009 WL 790350, at *8 (E.D.N.Y. Mar. 25, 2009).

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED without the Court's reaching the question of whether Defendant is entitled, as a matter of law, to the FDCPA's bona fide error defense. The Clerk of the Court is respectfully directed to enter judgment for Defendant and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   January   12  , 2012
         Central Islip, New York